Diarrassouba v. Garland

BIA
A093 429 612

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-two.

PRESENT:
>        DEBRA ANN LIVINGSTON,
>              *Chief Judge,*
>        JON O. NEWMAN,
>        GERARD E. LYNCH,
>              *Circuit Judges.*

_____

OUSMANE DIARRASSOUBA, AKA
OUSMANG DIARRA SSOUBA,
>        *Petitioner,*

v.                                                          20-1105
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:               Jessica M. Greenberg, Esq.,
                              Division of Immigrant and Refugee
                              Services, Catholic Charities
                              Community Services, Archdiocese of
                              New York, New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Regina Byrd, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ousmane Diarrassouba, a native and citizen of Côte d'Ivoire, seeks review of a March 2, 2020 decision of the BIA denying his motion to reopen his removal proceedings. *In re Ousmane Diarrassouba*, No. A093 429 612 (B.I.A. Mar. 2, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the BIA's decision denying Diarrassouba's motion to reopen, because he did not timely petition for review of the BIA's underlying decisions. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir. 2001). We review the denial of a motion to reopen for abuse of discretion. *Id.* at 93; *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation,

2

inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (quotation marks omitted).

A noncitizen may file one motion to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Diarrassouba's motion was untimely, as the BIA dismissed his appeal in June 2017, and he did not file his motion to reopen until August 2018. 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA may exercise equitable tolling of the limitations period for a noncitizen who demonstrates both ineffective assistance of counsel and due diligence in pursuing that ineffective assistance claim. *See Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008). The noncitizen bears the burden to establish that he was diligent, and failure to do so is fatal to his claim even if counsel was ineffective. *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006) ("[N]o matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to

3

equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled."). Whether the noncitizen acted within a reasonable amount of time depends on the circumstances of each case, "namely, whether and when the ineffective assistance was, or should have been, discovered by a reasonable person in the situation." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (quotation marks and brackets omitted).

The BIA did not abuse its discretion in determining that Diarrassouba did not demonstrate due diligence as required for equitable tolling. *Id.* Diarrassouba knew or should have known that counsel was ineffective in 2013, because he alleged in his affidavit, submitted to the BIA, that he knew then that counsel had included fabricated or mistaken information in his application, or in 2015, when he found himself unprepared to testify at his hearing. Diarrassouba did not explain why he waited until 2018 to retain new counsel and move to reopen beyond stating that he tried to "ignore" his concerns. Thus, the agency did not err in finding he failed to show reasonable due diligence in pursuing his rights. *See*

4

*Rashid*, 533 F.3d at 132.

Finally, we lack jurisdiction to review the BIA's "entirely discretionary" decision not to reopen sua sponte under 8 C.F.R. § 1003.2(a). *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court